UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  06-263M |
| v. | ) | |
| | ) | |
| TEDDY JAMES MORRIS, | ) | DETENTION ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense Charged:

Felon in Possession of a Firearm–Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (e).

Date of Detention Hearing:    August 14, 2006.

On June 2, 2006, the defendant made his initial appearance.  He was released on bond, pending a detention hearing.  On  June 7, 2006, a detention hearing was held before United States Magistrate Judge James P. Donohue.  Because he tested positive for a controlled substance, the defendant was released on bond that included a 30-day stay at a halfway house.  On July 7, 2006, the halfway house condition was lifted, but all other terms of the bond continued, including prohibitions regarding alcohol and controlled substances, requirements that he not commit any other violations of law, and report any contacts with law-enforcement personnel promptly.    On August 8, 2006, in response to allegations of

01  violations of the appearance bond, the defendant was ordered detained, pending an

02  evidentiary hearing.  Dkt. No. 20.  On August 14, 2006, an evidentiary hearing was

03  scheduled before the undersigned Magistrate Judge.  At the hearing, the defendant was

04  advised of the following alleged bond violations:

05      1.      By using marijuana on or about July 11, 2006, Teddy James Morris has

06  violated the bond condition that he not use, consume, or possess a controlled substance unless

07  the substance is prescribed to him by a physician.

08      2.      By failing to submit to testing on July 27, 2006, Teddy James Morris has

09  violated a special condition of bond requiring he submit to drug and alcohol testing as

10  directed by Pretrial Services.

11      3.      Teddy James Morris has violated a standard condition of his appearance bond

12  requiring that he not commit a federal, state, or local crime during the period of release, by

13  Driving Under the Influence on or about July 22, 2006.

14      4.      Teddy James Morris has violated a standard condition of his appearance bond

15  requiring that he not commit a federal, state, or local crime during the period of release, by

16  Failing to Appear for arraignment on July 24, 2006, as required.

17      5.      Teddy James Morris has violated a Pretrial Services Condition of Supervision

18  requiring that he notify his Pretrial Services Officer within one business day of arrest or

19  questioning by a law enforcement officer, by failing to notify him on July 24, 2006, as

20  required.

21      6.      Teddy James Morris has violated a special condition of his appearance bond,

22  which requires that he comply with drug testing, by failing to call the telephone scheduling

23  system as directed by Pretrial Services, on July 24, 2006, and each day thereafter.

24      The defendant was advised of his rights.  He admitted violations 1, 2, 3, 4, 5, and 6.

25  The Court then considered whether the bond previously issued should be revoked.  Pursuant

26  to CrR 32.1, CrR46(c) and 18 U.S.C. § 3142(f), and based upon the factual findings and

DETENTION ORDER                                                              15.13
18 U.S.C. § 3142(i)                                                          Rev. 1/91
PAGE 2

01  statement of reasons for detention hereafter set forth, the Count finds the following:

02  <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

03  (1)      On June 2, 2006, defendant was released on bond with pretrial supervision and

04  special conditions, pending a detention hearing.  At his detention hearing, the Court received

05  evidence that the defendant had detectable controlled substances in his system, which he

06  claimed were there prior to the bond being issued.  The defendant was released on a revised

07  bond with a provision that he reside for thirty days (30) in a halfway house.  He was

08  specifically advised of the need to be in full compliance with the bond restrictions in the

09  future.

10  (2)      The defendant has failed to abide by the terms of both bonds, and has admitted

11  the same.

12  (3)      The defendant is facing very serious charges that are punishable by a lengthy

13  period of time if he is convicted of the charges in this case.

14  (4)      The defendant appears to have on-going serious drug and alcohol problems.

15  (5)      The defendant appears unwilling or unable to comply with the terms of

16  supervision.

17  (6)      There appear to be no conditions or combination of conditions other than

18  detention that will reasonably assure the defendant's appearance at future Court hearings as

19  required, and that will address the defendant's danger to the community.

20  IT IS THEREFORE ORDERED:

21  (1)      Defendant shall be detained pending trial and committed to the custody of the

22           Attorney General for confinement in a correction facility separate, to the

23           extent practicable, from persons awaiting or serving sentences or being held in

24           custody pending appeal;

25  (2)      Defendant shall be afforded reasonable opportunity for private consultation

26           with counsel;

DETENTION ORDER                                                    15.13
18 U.S.C. § 3142(i)                                                Rev. 1/91
PAGE 3

(3)     On order of a court of the United States or on request of an attorney for the

government, the person in charge of the corrections facility in which

defendant is confined shall deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall direct copies of this Order to counsel for the United States, to

counsel for the defendant, to the United States Marshal, and to the United

States Pretrial Services Officer.

DATED this 14th day of August,  2006.


_____
JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER                                                                 15.13
18 U.S.C. § 3142(i)                                                             Rev. 1/91
PAGE 4